NOWOTNY, Appellant, v. KEHM et al., Appellants.

(164 N. W. 65.)

(File No. 4135.   Opinion filed August 23, 1917.   Rehearing denied November 2, 1917.)

**Pleadings—Complaint, Triable to Court, Amended Complaint, Triable to Jury—New Cause of Action After Limitations Run, Effect.**

A complaint setting forth a cause of action triable to the court, was sought to be amended so as to embrace also a second cause of action triable to a jury, which amendment was not sought until the statute of limitations had run upon the second cause of action. **Held,** that trial court did not abuse its discretion in denying leave to amend, since the statute of limitations might have been pleaded to the second cause of

action; and the desired amendment not being material to the original case.

Appeal from Circuit Court, Aurora County. Hon. FRANK B. SMITH, Judge.

Action by John A. Nowotny, against W. F. Kehm and others, for cancellation of a note and mortgage and foreclosure proceedings thereunder; plaintiff having sought to amend the complaint. From an order denying leave to file an amended complaint, plaintiff appeals. Affirmed.

Zollman & Tipton, for Appellant.

Fellows & Fellows, for Respondents.

Respondents cited. 3 L. R. A. (N. S.) 267-8, 259; 33 L. R. A. (N. S.) 196; 47 L. R. A. (N. S.) 932; Whalen v. Gordon, 95 Fed. 305, 37 C. C. A. 70; Driskill v. Rebbe, 22 S. D. 242.

GATES, P. J. Appeal from an order denying plaintiff leave to file an amended complaint. Section 150, C. C. P., so far as concerns this case, reads as follows:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading * * * by inserting other allegations material to the case. * * *"

The case stated by the original complaint was an equitable action for the cancellation of a note for $7,500, of a mortgage upon real estate securing the same, and of foreclosure proceedings begun thereon, upon the ground that there was no consideration for the note and mortgage, because of fraudulent representations as to the location and quantity of the land conveyed, upon which the mortgage was given to secure a part of the purchase price. The new complaint, without separately stating them, contains two causes of action, viz.: The one above specified, and also one at law for damages in the sum of $20,622 for deceit in inducing plaintiff to purchase the said land. The one seeks to partially repudiate the transaction by securing the cancellation of the note and mortgage; the other affirms the transaction and seeks damages. The one is triable by the court without a jury; in the other, the parties have the absolute right to a jury trial. The one was instituted less than six years from the accruing of the cause of action. Leave to file the amended complaint was not sought until more than six years after the cause

of action had accrued. In Wood on Limitations (4th Ed.) § 307 (3) the author states:

"Amendments introducing a new cause of action * * * cannot be allowed after limitations have run"—citing Pennsylvania cases.

In the same section the author states that, where such an amendment is so allowed, the statute of limitations may be pleaded to the new matter, and that the general rule that an amendment to the complaint relates to the time of the filing of the original complaint does not apply. These and similar questions have been before the courts repeatedly, as appear from the cases cited in said work and in the elaborate notes on the subject in 3 L. R. A. (N. S.) 259, 33 L. R. A. (N. S.) 196, and 47 L. R. A. (N. S.) 932. We do not need to decide these questions, because the matter before us is the question whether the trial court abused its discretion by denying leave to file the amended complaint. In view of the fact that the desired amendments were clearly not material to the original case, we are of the opinion that the trial court did not err in its ruling.

The order appealed from is affirmed.